**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY BERTRAM, | No. 13-17547 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00583-AWI-DLB |
| v. | |
| C. SIZELOVE, Correctional Officer, Tehachapi; J. HEINZLER, Correctional Officer, Tehachapi, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 5, 2014**

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Former California state prisoner Timothy Bertram appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his safety.  We have jurisdiction under 28 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Bertram failed to raise a genuine dispute of material fact as to whether defendant Sizelove was deliberately indifferent to Bertram's safety or was responsible for assigning Bertram to an upper bunk.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate . . . safety."); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining causal requirement under § 1983); *see also* Fed. R. Civ. P. 56(c)(4) (explaining that an affidavit or declaration opposing summary judgment must be based on "personal knowledge" and "set out facts that would be admissible in evidence").

The district court did not abuse its discretion in denying Bertram's various discovery motions because Bertram did not demonstrate actual and substantial prejudice.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's decision to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

13-17547

The district court did not abuse its discretion in denying Bertram's motion for sanctions against defendant's counsel because Bertram made no showing of misconduct. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (setting forth standard of review).

The district court did not abuse its discretion in denying Bertram's motion for reconsideration of various orders related to discovery and sanctions because Bertram failed to demonstrate the required showing for reconsideration. *See* E.D. Cal. R. 230(j) (setting forth grounds for reconsideration under the local rules); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (abuse of discretion standard for determination of compliance with local rules); *see also Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for reconsideration under the Federal Rules of Civil Procedure).

We reject Bertram's contentions regarding the alleged bias of the magistrate judges, the district court judge, and defendant's counsel.

Bertram's requests for action, set forth in his opening brief, are denied.

**AFFIRMED**.